HALLAM ELDRIDGE, APPELLANT, *v.* THE CITY OF
BINGHAMTON, RESPONDENT.

*Eminent domain — right of the State to acquire the fee of lands to be used for a
canal — of its right to authorize such lands to be used by a city as a public street —
1 R. S., 225, 226, secs. 46, 52 — 1878, chap. 391.*

In 1838 the State of New York, acting under the authority of chapter 32 of
1833 and the general laws of the State, through its canal authorities, took
possession of certain lands in Broome county for the purposes of the Chenango
canal, ·the usual regular steps being taken to obtain the right to the land,
under and by virtue of a condemnation and appraisal by the canal appraisers,
as provided in sections 46 and 52 of 1 Revised Statutes, 225, 226.   The apprais- .
ers, in view of the advantages and benefits likely to accrue to the residue of
the property by reason of the canal facilities, allowed no money compensation
for the land taken.

By chapter 391 of 1878, the right to take possession of said canal lands for the
purpose of laying out a street was given to the city of Binghamton by the
State, and under and by virtue of the authority conferred by the said act and a
resolution of the common council, the said city thereafter entered upon and
took and still retains possession of the same.   Upon the trial of this action,
brought by the plaintiff, who, as heir or assignee, had acquired all the rights of
the persons in whom the title to those lands was vested at the time of their
appropriation by the State, to recover the possession thereof;

*Held,* that the action could not be maintained.

That the acts, under which the State acquired an estate in fee simple to the lands,
were constitutional and valid, and that the city acquired the right to enter
upon and use the same as a public street, by the act of 1878.

APPEAL from a judgment in favor of the defendant, entered
upon a verdict directed by the court at the Broome Circuit, and
from an order denying a motion for a new trial, made upon the
minutes of the justice before whom the action was tried.

This State in 1838, under an act of the legislature passed Febru-
ary 23, 1833 (chap. 32), took possession of certain lands for the use and
purposes of a waterway or canal, designated in the act as the Che-
nango canal. . The title to a portion of these lands was vested in
the grantors of appellant, who, as heir or assignee, has acquired
all the rights which his grantors held at the time of the appro-
priation of the land by the State, subject only to the rights of the
people of the State to a use of the same for the Chenango canal.
The canal appraisers estimated the lands and other property taken

to be worth $2,500, but considering that the advantages likely to accrue to the residue of the property by reason of the canal facilities to be afforded to them thereby were of superior value, allowed no other compensation for the land taken. The appellant's grantors, within the time required, filed their claim for damages in ·pursuance of the statute under which the appraisers acted. The State entered upon the lands, took possession and constructed and operated the canal, retaining possession until 1878, when, by an act of the legislature (chap. 391), the State released these premises to the city of Binghamton, together with the remainder of the Chenango canal lying within the limits of the city of Binghamton, and authorized the city to take possession of and use the same for a public street, to be known as State street, in said city ; providing, however, in said act, that "nothing in this act contained shall affect in any way the legal rights of individuals."

The respondent, by virtue of said act and a resolution of its common council, entered upon said lands and now retains possession of the same, not having in any way exercised the right of eminent domain, having appointed no commissioners and having given no notice to property owners, as provided by general statute or the city charter, but simply declaring by resolution that a street existed, and making a map thereof.

*George Whitney,* for the appellant.

*A. D. Wales,* for the respondent.

FOLLETT, J. :

SEC. 46. "When any lands, waters or streams, appropriated by the canal commissioners to the use of the public, shall not be given or granted to the State, it shall be the duty of the appraisers to make a just and equitable estimate and appraisement of the damages and benefits resulting to the persons interested in the premises so appropriated, from the construction of the work, for the purpose of making which such premises shall have been taken." (1 R. S., 225.)

SEC. 52. "The fee simple of all premises so appropriated, in relation to which such estimate and appraisement shall have been made and recorded, shall be vested in the people of this State." (1 R. S., 226.)

It is conceded that an estimate and appraisement of the damages for taking the lands sought to be recovered in this action, were made and recorded in the year 1838. Statutes authorizing the benefits inuring to the lands remaining, and adjacent to the lands taken, to be estimated and the value of such benefits set off against the value of the lands taken, have been held constitutional. (*Livingston* v. *The Mayor of New York*, 8 Wend., 85; *Betts* v. *The City of Williamsburg*, 15 Barb., 255; *Long Island R. R. Co.* v. *Bennett*, 10 Hun, 91; Mills' Em. Domain, § 151, and cases there cited.)

It has been held that sections 48 and 49 (1 R. S., 226), providing that the State acquires the fee simple of lands appropriated without making any compensation, in case the owner fails to file his claim within one year, are constitutional. (*Birdsall* v. *Cary*, 66 How. Pr., 358, and cases there cited.) If the sections last cited are constitutional it is difficult to see why sections 46 and 52 are unconstitutional. The lands taken for the Erie canal were appropriated under a like statute (sec. 3, chap. 262, Laws 1817), and so were the lands for all of the canals of this State. This court is bound by the cases cited, and only the court of last resort can overthrow the multitude of titles resting on the statutes cited and similar statutes.

For forty years the State was in possession of the land in question, claiming to own it in fee simple, and thereby it acquired title. (*Birdsall* v. *Cary*, *supra*.)

The judgment is affirmed, with costs.

HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment affirmed, with costs.